Per Curiam.

The defendant appeals from an order denying its motion for summary judgment dismissing the amended complaint and granting affirmative judgment for $375 on its counterclaim.
The action is brought on quantum meruit to recover for services alleged to have been rendered to the defendant at its request, as manager in charge of the mail-order division of defendant’s business. This work is stated to have consisted in supervising, directing and controlling the employees in said division, and in merchandising, styling and purchasing defendant’s merchandise.
The answer and moving affidavit set forth, what is not denied, that during the period of time covered by the complaint the plaintiff was subject to a written contract of employment with the defendant, described therein as “ Lowenstein ”, the material portions of which are as follows:
“ 1. Lowenstein engages Baron as a salesman to sell exclusively for it and its subsidiary and affiliated companies such finished goods as are handled by it and its subsidiary and affiliated companies; to assist salesmen within and without the City of New York in selling goods of said companies, and to do and perform any and all other services for it and its subsidiary and affiliated companies which shall be designated to him by Lowenstein.
“ 2. Baron hereby accepts such employment and agrees to devote his entire time .and attention, best efforts and ability to the business of Lowenstein.” (Italics supplied.)
Defendant’s motion for summary judgment has been denied on the ground that, as stated by Special Term, “ Whether the service in dispute was of such nature as to be plainly beyond the scope and contemplation of the writing cannot be determined upon the basis of this submission.” The italicized portions of the agreement quoted above, however, are clear and specific in providing that the $12,000 per annum payable to plaintiff under said written agreement was paid to purchase his entire time and attention, and that he was to devote his best efforts and ability not only to the performance of the work of acting as salesman, and assisting other salesmen, but also to the performance of any and all other services to which he should be designated. Plaintiff’s counsel conceded on the argument that his theory of action involved no amendment or reformation of this agreement. The written agreement is inconsistent with the oral agreement alleged in the amended complaint. In view of its provisions, plaintiff could not have been entitled to additional compensation for acting as manager in charge of defendant’s mail-order division.
For this reason the amended complaint must be dismissed, but defendant cannot receive affirmative summary judgment on its counterclaim for $375 which, if it be seriously urged, presents a triable issue.
The order appealed from should be reversed and partial summary judgment granted to the defendant dismissing the amended complaint, with $20 costs and disbursements. The defendant’s counterclaim should be severed and await trial.
Dore, J. P., Cohn, Callahan, Van Voorhis and Shientag, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant, and partial summary judgment granted to the defendant dismissing the amended complaint, defendant’s counterclaim severed to await trial. Settle order on notice.